IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ALAN S. ALLEN,<br>                        *Plaintiff,*<br><br>v.<br><br>MR. WILLS, *SSA Hearing Officer,*<br>                        *Defendant.* | CIVIL NO. 3:10cv00051<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

Plaintiff Alan S. Allen ("Plaintiff"), proceeding *pro se* and in forma pauperis, brings this action for damages and to appeal the decision of Mr. Wills, a Social Security Administration hearing officer ("Defendant"), to suspend Plaintiff's Social Security benefits. Upon consideration of the complaint (docket no. 3), and for the reasons set forth below, Plaintiff's complaint will be dismissed without prejudice in an accompanying order.

I.

On October 4, 2010, I granted leave for Plaintiff to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (docket no. 2). Section 1915 requires a district court to screen initial filings and dismiss complaints filed in forma pauperis if "the court determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted. . . ." 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). "[Section] 1915 permits district courts to independently assess the merits of in forma pauperis complaints, and 'to exclude suits that have no arguable basis in law or fact.'"

1

*Eriline*, 440 F.3d at 656 (quoting *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995)).

The court is mindful that *pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). The court must liberally construe a pleading filed by a *pro se* litigant for the development of a potentially meritorious claim. *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam). Nonetheless:

> [p]rinciples requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe *pro se* complaints liberally. It does not require those courts to conjure up questions never squarely presented to them. District judges are not mind readers. Even in the case of *pro se* litigants, they cannot be expected to construct full blown claims from sentence fragments.

*Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In this case, Plaintiff's complaint is a confusing jumble of run-on sentences. Plaintiff alleges that he was "proceeded against by [the] Social Security Administration 'without any jurisdiction,' and 'on an improper legal standard[] which shows on the face of the evidence that an error of law has been made.'" He concludes "[w]herefore premises considered claimant is entitled to have his SSA claim reopen[ed], for want of jurisdiction, by the Social Security Administration, in Beckley, WVa for suspending his benefits in disregard of the law, or when a due process violation requires that a[] remand is required, the case is remanded to the Commissioner so that the (agency) can rule on the merits . . . ." To unearth a justiciable claim from the complaint would require this court to step impermissibly into the role of advocate. Therefore, Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and Fed. R. Civ. P. 12(b)(6).

**II.**

To the extent that Plaintiff's complaint seeks to recover money damages, it must be dismissed. Section 1915 requires the district court to dismiss claims that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). The Supreme Court has made clear that employees acting in adjudicative roles within federal administrative agencies are absolutely immune from suits for money damages arising out of their decisions. *Butz v. Economou*, 438 U.S. 478, 512-513 (1978); *Goldstein v. Moatz*, 364 F.3d 205, 212-213 (4th Cir. 2004).

In this case, Plaintiff seeks to recover compensatory and punitive damages from Defendant, a hearing officer employed by the Social Security Administration. Because it is abundantly clear that the Defendant performs an adjudicative role within a federal administrative agency, he is entitled to absolute immunity under *Butz* and *Goldstein*. Plaintiff's claims for damages must therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**III.**

Furthermore, to the extent that I can discern the basis of Plaintiff's other claims for relief, it appears that this court lacks jurisdiction. Plaintiff appears to allege that Defendant improperly applied 20 C.F.R. § 416.1339, which requires the suspension of Social Security benefits where the claimant has fled to avoid criminal prosecution. Plaintiff now seeks review of Defendant's determination pursuant to 42 U.S.C. § 405(g), which allows claimants to bring a civil action in district court to review a "final decision" of the Commissioner of Social Security. As the Commissioner has not issued a final decision in this case, the court lacks jurisdiction to hear Plaintiff's claim.

Because the Social Security Act does not define "final decision," the regulations are controlling. *See Sims v. Apfel*, 530 U.S. 103, 106 (2006). Generally, when a claimant appeals the initial determination of a hearing officer to an administrative law judge ("ALJ"), the ALJ's ruling is a final decision. 20 C.F.R. § 405.1(b)(3). However, where the case is referred to the Decision Review Board, its ruling is a final decision. 20 C.F.R. § 405.1(b)(4). Because it appears that neither the Decision Review Board nor any ALJ has issued a ruling in this case, no final decision has been entered. Consequently, Plaintiff has failed to exhaust all administrative remedies, and this court has no jurisdiction to hear Plaintiff's claim.

Plaintiff, relying on *Hyatt v. Heckler*, 807 F.2d 376 (4th Cir.1986), asserts that he need not comply with the exhaustion requirement of Section 405(g). But *Hyatt* is inapposite here. *Hyatt* holds that waiver of the exhaustion requirement is appropriate only where there are "exceptional circumstances." 807 F.2d at 378 (citing *Bowen v. New City of New York*, 476 U.S. 467 (1986)). In *Hyatt*, for instance, the court found that the Social Security Administration had employed "a systematic, unpublished policy [to deny] benefits in disregard of the law." 807 F.2d at 381. Plaintiff has not alleged any comparable set of facts. Where, as here, a claimant merely alleges a one-time "deviation from applicable regulations in particular administrative proceedings," waiver is inappropriate. 807 F.2d at 378.

Plaintiff also claims that he need not satisfy the exhaustion requirement under *Reed v. Heckler*, 756 F.2d 779, 783 (10th Cir. 1985), which restates the rule of *Matthews v. Eldridge*, 424 U.S. 319, 330 (1976). But *Reed* and *Matthews* are also unavailing. Those cases provide that there is an exception to the exhaustion requirement where the plaintiff raises a "constitutional claim that is collateral to the substantive claim of entitlement." *Reed*, 756 U.S. at 783 (citing

*Matthews*, 424 U.S. at 330); *see also Salling v. Bowen*, 641 F.Supp. 1046, 1050 (W.D. Va. 1986). As Plaintiff has not raised any such claim, the exception plainly does not apply.

Plaintiff's complaint should therefore be dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**IV.**

For the reasons stated herein, Plaintiff's claim will be dismissed without prejudice in an appropriate order.

The Clerk of the Court is directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record and to the Plaintiff.

ENTERED: This 14th day of October, 2010.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE